**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: CIGNA ERISA LITIGATION** | : | No. 25-cv-2465-JMY |
| | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM**

**Younge, J.**                                                                                  April 8, 2026

Currently before the Court is a *Motion to Stay Proceedings Pending a Decision by the Supreme Court in Anderson v. Intel* that was filed by Defendants. (Motion to Stay, ECF No. 41.) The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, Defendants' Motion will be denied.

## I.       FACTUAL BACKGROUND & PROCEDURAL HISTORY:

Plaintiffs are current and former Cigna employees and participants in the Cigna Group 401(k) Plan. Plaintiffs filed their Amended Consolidated Complaint on September 29, 2025. (Amended Complaint, ECF No. 20.) In the Amended Complaint, Plaintiffs assert seven legal theories as follows: Breach of Fiduciary Duty of Prudence (Against the Committee Defendants) (*Id.* ¶¶ 206-217 (Count I)); Breach of the Duty to Follow the Terms of the Plan Documents (Against the Committee Defendants) (29 U.S.C. § 1104(a)(1)(D)) (*Id.* ¶¶ 218-224 (Count II)); Breach of Fiduciary Duty of Loyalty (Against All Defendants) (*Id.* ¶¶ 225-233) (Count III)); Breach of ERISA's Anti-Inurement Provision (Against All Defendants) (*Id.* ¶¶ 234-239 (Count IV)); Failure to Adequately Monitor Other Fiduciaries (Against the Company) (*Id.* ¶¶ 240-247 (Count V)); Prohibited Transactions (Against All Defendants) (*Id.* ¶¶ 248-256 (Count VI)); and Prohibited Transactions/Self-Dealing (Against All Defendants) (*Id.* ¶¶ 257-262 (Count VII)).

Plaintiffs rely on two basic factual theories to support seven legal theories that they assert in the Amended Complaint. First, Plaintiffs allege that Defendants invested money that belonged to the Cigna 401(k) Plan in Cigna Fixed Income Fund. Plaintiffs allege that this investment decision was problematic because Cigna Fixed Income Fund underperformed other investment vehicles available on the open market. Therefore, according to Plaintiffs, Defendants could have chosen investment vehicles which would have produced better returns than Cigna Fixed Income Fund.

Plaintiffs' second factual theory relates to the Defendants' use of forfeitures. Within the context of the Cigna 401(k) Plan, forfeitures refer to money that Cigna agreed to provide Plan participants by matching contributions of up to roughly the first 5% of pay that an employee contributes to their Plan account. (*Id.* ¶ 71.) Participants must work for at least two years to "vest" in their employer contributions (they are always 100% vested in their own contributions). (*Id.* ¶ 74.) Those who leave sooner "forfeit" any unvested amounts. (*Id.* ¶ 75.) Those unvested amounts are referred to as "forfeitures."

Plaintiffs challenge the Cigna 401(k) Plan's use of forfeitures to offset its employer contributions. Plaintiffs claim that the Plan was required to use forfeitures to pay Plaintiffs' share of the Plans' administrative expenses, and that Defendants violated ERISA by using forfeitures to reduce the cost of company matching contributions. Plaintiffs further assert that prior to January 1, 2025, the terms of the Plan provided that Cigna 401(k) Plan would "use[] forfeited funds first to pay expenses of the Plan (other than routine administrative expenses) as directed and approved by the Plan Administrator, and second to reduce the cost of future company matching contributions.

2

## II.    LEGAL STANDARD:

"District courts possess inherent discretion to stay a proceeding whenever 'the interests of justice' mandate 'such action.'" *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) (quoting *U.S. v. Kordel,* 397 U.S. 1, 12 n. 27 (1970)).  However, "[t]he 'party requesting a stay bears the burden of showing that the circumstances justify an exercise' of the Court's discretion to issue a stay." *Id.*, at 446 (quoting *Nken,* 556 U.S. at 433–34).

In exercising this inherent authority, courts consider "(1) the length of the requested stay; (2) the hardship that the moving party would face if the stay were not granted; (3) the injury that a stay would cause to the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy." *Duchene*, 2015 WL 5947669, at *2; *see also Glades Pharms., LLC v. Call, Inc.*, 2005 WL 563726, at *8 (E.D. Pa. Mar. 9, 2005) (stating that among the factors that courts take into account when assessing the suitability of issuing a stay are "whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the length" of the stay.).

## III.    DISCUSSION:

Defendants argue that this Court should enter a stay of proceedings in this matter because the United States Supreme Court recently granted certiorari to review the Ninth Circuit's decision in *Anderson v. Intel Corp. Investment Policy Committee*, 137 F.4th 1015 (9th Cir. 2025), cert. granted, No. 25-498, 2026 WL 120679 (U.S. Jan. 16, 2026).  Defendants argue that the question presented to the Supreme Court in *Anderson* is directly relevant to the resolution of one of the issues asserted by Defendants in their motion to dismiss – that is the question about whether a plaintiff must plausibly plead a "meaningful benchmark" that can be compared to the challenged underperforming investment vehicle to be able to establish an ERISA claim based on

a legal theory of fiduciary imprudence.  Therefore, Defendants argue that the pending matter should be stayed because the United States Supreme Court is set to resolve *Andreson* which will in turn resolve a central issue in this litigation.

The Court declines to enter the requested stay of proceedings based on its evaluation of the relevant factors set forth hereinabove in the legal standard which is applied by courts to determine whether to issue a stay of proceedings.  A stay of proceedings does not serve the interest of judicial economy, and it will not be fair to the Plaintiff because a stay would unnecessarily delay disposition of this litigation when resolution of issues in *Anderson* will not dispose of all theories of liability asserted by Plaintiffs.  Plaintiffs assert two factual theories of liability as they relate to Defendants' fiduciary breaches of ERISA, including, *inter alia*, Defendants' imprudence surrounding the Cigna Fixed Income Fund (as parts of Count I and V) and use of forfeitures (encompassing all seven Counts).  Entry of a stay would mean staying the progress of Plaintiffs' allegations regarding Defendants' allocation of forfeitures, a central factual theory encompassing all seven counts in the Complaint.  In contrast, forfeiture related claims are not at issue in *Anderson*.  The question in *Anderson* relates to the pleading threshold that Plaintiff must meet to establish a meaningful benchmark investment vehicle to compare to a challenged, alleged underperforming investment vehicle to establish a claim based on a legal theory of fiduciary imprudence under ERISA.

Entry of a stay of proceedings is equally inappropriate because the impact of the potential decision in *Anderson* on ERISA litigation is too tentative and uncertain to warrant staying this matter in its current procedural posture.  The factual distinctions and subtle nuances between this case and *Anderson* limit the potential impact that *Anderson* might have on contested matters in this case.  Furthermore, it is entirely possible that the resolution of *Anderson* will not result in the

4

creation of a brightline rule applicable across all ERISA litigation which will alter the legal framework for stating a meaningful benchmark in Guaranteed Investment Contracts cases.  It is impossible to predict whether the United States Supreme Court will render a dispositive ruling or establish a consistent pleading standard for all ERISA cases.  Uncertainty surrounding the resolution of *Anderson* is compounded by the fact that we do not know when the United States Supreme Court will reach its decision in *Anderson* or if it will rule on dispositive substantive issues.  Unrelated procedural issues could become paramount and result in *Anderson* being reversed, remanded and/or vacated without a clear ruling on substantive issues raised on appeal.

**IV.    CONCLUSION:**

For these reasons, Defendants' *Motion to Stay Proceedings Pending a Decision by the Supreme Court in Anderson v. Intel* is denied.

**BY THE COURT**:

   /s/ John Milton Younge
Judge John Milton Younge

5