IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| IN RE: CIGNA ERISA LITIGATION | : | No. 25-cv-2465-JMY |
| | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM**

**Younge, J.**                                                                                    May 19, 2026

Currently before the Court is a *Motion to Dismiss* filed by Defendants.  (Motion to

Dismiss, ECF No. 29.)  The Court finds this Motion appropriate for resolution without oral

argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum,

Defendants' Motion will be denied.

**I.      FACTUAL BACKGROUND & PROCEDURAL HISTORY:**

Plaintiffs are current and former Cigna employees and participants in the Cigna Group

401(k) Plan.  (Amended Complaint, ECF No. 20.)  Plaintiffs filed their Amended Consolidated

Complaint in this matter on September 29, 2025.  (*Id.*)  Plaintiffs allege that Defendants breached

various fiduciary duties in violation of the Employee Retirement Income Security Act of 1974

(ERISA).  (*Id.*)  Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure on behalf of themselves and the following proposed Class:

> All persons, except Defendants and any fiduciary of the Plan and their immediate
> family members, who were participants in or beneficiaries of The Cigna Group
> 401(k) Plan (f/k/a the Cigna 401(k) Plan) at any time between May 14, 2019 to the
> date of judgment (*i.e.*, the Class Period).

(Amended Complaint ¶ 198.)

In the Amended Complaint, Plaintiffs assert seven legal theories as follows: Breach of

Fiduciary Duty of Prudence (Against the Committee Defendants) (*Id.* ¶¶ 206-217 (Count I));

Breach of the Duty to Follow the Terms of the Plan Documents (Against the Committee

Defendants) (29 U.S.C. § 1104(a)(1)(D)) (*Id.* ¶¶ 218-224 (Count II)); Breach of Fiduciary Duty

of Loyalty (Against All Defendants) (*Id.* ¶¶ 225-233) (Count III)); Breach of ERISA's Anti-

Inurement Provision (Against All Defendants) (*Id.* ¶¶ 234-239 (Count IV)); Failure to

Adequately Monitor Other Fiduciaries (Against the Company) (*Id.* ¶¶ 240-247 (Count V));

Prohibited Transactions (Against All Defendants) (*Id.* ¶¶ 248-256 (Count VI)); and Prohibited

Transactions/Self-Dealing (Against All Defendants) (*Id.* ¶¶ 257-262 (Count VII)).

Plaintiffs' allegations rely on two basic factual theories to support seven legal theories

that they assert in the Amended Complaint.  First, Plaintiffs allege that Defendants invested

money that belonged to the Cigna 401(k) Plan in Cigna Fixed Income Fund.  Plaintiffs allege this

investment decision was problematic because Cigna Fixed Income Fund underperformed when

compared to other investment vehicles available on the open market.  Therefore, according to

Plaintiffs, Defendants should have chosen investment vehicles which would have produced

better returns than Cigna Fixed Income Fund.

Plaintiffs' second factual theory relates to the Defendants' use of forfeitures.  Within the

context of the Cigna 401(k) Plan, forfeitures refer to money that Cigna agreed to provide Plan

participants by matching contributions of up to roughly the first 5% of pay that an employee

contributes to their Plan account.  (*Id.* ¶ 71.)  Participants must work for at least two years to

"vest" in their employer contributions (they are always 100% vested in their own contributions).

(*Id.* ¶ 74.)  Those who leave sooner "forfeit" any unvested amounts.  (*Id.* ¶ 75.)  Those unvested

amounts are referred to as "forfeitures."

Plaintiffs challenge the Cigna 401(k) Plan's use of forfeitures to offset its employer

contributions.  Plaintiffs claim that the Plan was required to use forfeitures to pay Plaintiffs'

share of the Plans' administrative expenses, and that Defendants violated ERISA by using

forfeitures to reduce the cost of company matching contributions.  Plaintiffs assert that for at least part of the Class Period – prior to January 1, 2025 – the Plan required Defendants to use Forfeited Plan Assets "first to pay expenses of the Plan (other than routine administrative expenses) as directed and approved by the Plan Administrator, and second, to reduce the cost of future company matching contributions." (*Id.*, ¶ 71 (quoting The Cigna Group 401(k) Plan Summary Plan Description Effective January 1, 2024 ("SPD") at 24).  As of January 1, 2025, the Plan Documents were amended to provide that "[t]he amount in a Participant's Account which is forfeited in accordance with §8.3(a)(1) shall […] be applied towards the contributions made pursuant to §§3.4, 3.5 and 3.6.  To the extent the Participating Companies choose not to apply all or any portion of such forfeitures towards such contributions […] any remaining forfeitures shall be used for any permissible purpose, including but not limited to the payment of reasonable Plan expenses …." (*Id.*, ¶ 77 (quoting The Cigna Group 401(k) Plan (As amended and restated effective as of January 1, 2025) ("Plan Doc."), at 58).

## II.     LEGAL STANDARD:

The standard for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendants are liable for the alleged misconduct.

## III.   DISCUSSION:

The main thrust of Defendants' Motion to Dismiss takes the form of an attack on the two factual theories asserted by Plaintiffs in the Amended Complaint. Defendants primarily argue that the factual theories asserted by Plaintiffs – related to the purported underperformance of Cigna Fixed Income and Defendants' use of forfeitures – are insufficient to support claims on any legal theory pled in the Amended Complaint. For the reasons set forth hereinbelow, the Court finds the arguments made by Defendants unpersuasive and will deny Defendants' Motion to Dismiss.

**A.   Allegations that Cigna Fixed Income Fund Underperformed Other Stable Value Funds that Were Available on the Market:**

In the Amended Complaint, Plaintiffs assert claims based on the legal theory that Defendants breached their fiduciary duty of prudence. (Amended Complaint ¶¶ 206-217 (Count I).) Plaintiffs also assert claims based on the legal theory that Defendants failed to adequately monitor Cigna 401(k) investments. (*Id.* ¶¶ 240-247 (Count V).) Both legal theories rely on the factual theory that Cigna Fixed Income Fund underperformed other stable value funds (also known as guaranteed investment contracts) that were available on the open market. (Response in Opposition.) Plaintiffs allege that Defendants' decision to invest money in Cigna Fixed Income Fund was problematic because it underperformed other similar investment vehicles available on the market that produced better returns than Cigna Fixed Income Fund. (*Id.*)

4

In their Motion to Dismiss, Defendants attack Plaintiffs' factual theory that Cigna Fixed Income Fund underperformed similar stable value funds. (Motion to Dismiss pages 10-17.) Defendants argue that as a threshold pleadings standard in the context of ERISA 401(k) litigation, Plaintiffs must provide meaningful benchmarks to establish that an investment vehicle, like Cigna Fix Income Fund, underperformed the market. (*Id.*) Defendants argue that factual allegations in the Amended Complaint are insufficient to establish underperformance because Plaintiffs failed to meet the meaningful benchmark standard. (*Id.*) Defendants argue that Plaintiffs failed to provide examples of similar investment vehicles that produced better returns than Cigna Fixed Income Fund. (*Id.*)

The Third Circuit Court of Appeals has not specifically adopted the requirement that a plaintiff must provide examples of meaningful benchmarks in his or her initial pleading as a prerequisite to establishing a claim. *Binder v. PPL Corp.*, 2024 U.S. Dist. LEXIS 43927, at *9 (E.D. Pa. Mar. 12, 2024) ("While this Court acknowledges that several courts have applied the meaningful benchmark requirement, it also acknowledges that the Court of Appeals for the Third Circuit is not one of them."). Although the Third Circuit Court of Appeals has not adopted the meaningful benchmark standard as a threshold requirement in ERISA 401(k) litigation, it has endorsed the meaningful benchmark standard as a potential method for establishing a circumstantial claim based on the factual theory that a defendant selected an investment vehicle that produced poor returns. *Sweda v. University of Pennsylvania,* 923 F.3d 320, 333 (3d Cir. 2019) (The Third Circuit determined that plaintiff plausibly alleged a claim based on including and retaining high-cost investment options with historically poor performance compared to other options, in part, because plaintiff alleged that 60% of plan options underperformed "appropriate benchmarks."). With specific reference to a claim that defendants selected an investment vehicle

that underperformed the market, plaintiffs can establish breach of the fiduciary duty of imprudence by providing examples of better performing investment vehicles – meaningful benchmarks – that can be compared to the challenged underperforming investment vehicle. *Kruchten v. Ricoh USA, Inc.*, No. 23-cv-1928, 2024 U.S. App. LEXIS 18169, at *4 (3d Cir. July 24, 2024) (stating that "plaintiffs need only establish that the comparisons they provided are appropriate," and finding that the materiality of the benchmark financial vehicles offered for comparison are factual disputes.); *Mator v. Wesco Distribution*, 102 F.4th 172, 188 (3d Cir. May 16, 2024) ("Mator's comparisons between the Plan and other plans, while not perfect, are sufficient to plausibly state a claim for breach of fiduciary duty."). Therefore, providing meaningful benchmarks is one of the ways that a plaintiff can establish a claim based on circumstantial factual evidence that defendants selected an investment vehicle or vehicles that underperformed the market. (*Id.*)

The Court rejects Defendants' argument that allegations in the Amended Complaint are insufficient to meet the meaningful benchmark standard. A review of the Amended Complaint establishes that Plaintiffs have in fact provided examples of what they alleged are the earning results for various stable value funds that are purportedly similar to Cigna Fix Income Fund to serve as comparator investment vehicles. (Amended Complaint ¶¶ 118, 140-143, 146.) Therefore, the Court does not need to address the question about whether courts located within the jurisdiction of the Third Circuit apply the meaningful benchmark standard as a threshold pleading requirement when reviewing ERISA 401(k) litigation brought on a circumstantial evidentiary factual theory. The Court merely needs to address the question of whether Plaintiffs have offered examples of alleged stable value funds in the Amended Complaint that are similar enough to the Cigna Fix Income Fund that they serve as meaningful comparator investment

vehicles.  The differences and similarities between the comparator investment vehicles implicates disputed factual issues that the Court is not willing to resolve at this stage in the litigation without the benefit of a more developed factual record which only discovery can provide.

Defendants' motion to dismiss based on their argument that Plaintiffs failed to meet the meaningful benchmark standard will be denied because Plaintiffs provided examples of investment vehicles for comparison to Cigna Fix Income Fund.  *Sweda v. University of Pennsylvania,* 923 F.3d 320, 333 (3d Cir. 2019) (Allegations plausibly allege that Penn failed to "defray[] reasonable expenses of administering the plan" and otherwise failed to "discharge [its] duties" according to the prudent man standard of care because they offered specific comparisons between returns on Plan investment options and readily available alternatives, as well as practices of similarly situated fiduciaries to show what plan administrators "acting in a like capacity and familiar with such matters would [do]."); *Kruchten v. Ricoh USA, Inc*., 2024 U.S. App. LEXIS 18169 (3d Cir. July 24, 2024) (standing for the proposition that Plaintiffs were able to plead meaningful benchmarks because the materiality of a comparator's differences are factual disputes.); *Luense v. Konica Minolta Bus. Sols. U.S.A., Inc*., 541 F. Supp. 3d 496, 507 (D.N.J. 2021) ("whether the alternative funds Plaintiff[s] suggest[ ] are apt comparisons is a question of fact unsuitable for resolution on a motion to dismiss."); *Pinnell v. Teva Pharm. USA, Inc.*, No. 19-cv-5738, 2020 U.S. Dist. LEXIS 55617, at *5 (E.D. Pa. Mar. 31, 2020) (Factual disputes about comparators "do not warrant dismissal – to the contrary, they suggest the need for further information."); *Silva v. Evonik Corp*., No. 20-cv-2202, 2020 U.S. Dist. LEXIS, at *6 (D.N.J. Dec. 30, 2020) ("[W]hether the alternative funds Plaintiff[s] suggest[ ] are apt comparisons' is a question of fact unsuitable for resolution on a motion to dismiss.").

**B.      Defendants' Motion to Dismiss Based on Misuse of Forfeitures**:

In the Amended Complaint, Plaintiffs assert the factual theory that Defendants misused forfeited funds.  (Amended Complaint.)  This factual theory is offered in support of claims asserted by Plaintiffs in the Amended Complaint.  (*Id.*)  Plaintiff cites to the Summary Plan Documents from the year of 2024 which read in relevant part, "Cigna uses forfeited funds first to pay expenses of the Plan (other than routine administrative expenses) as directed and approved by the Plan Administrator, and second, to reduce the cost of future company matching contributions."  (Summary Plan Documents.)  Plaintiffs argue that Defendants violated the terms of their own Plan Documents by using forfeitures to reduce employer – Cigna's – contributions instead of using forfeited funds to reduce or eliminate the amounts charged to plan participants for Plan administrative costs.  Plaintiffs alleged that Defendants' allocation of forfeited funds breached the duty to act as a reasonable fiduciary and cost Plan participants $17.5 million. (Amended Complaint ¶¶18, 20.)

In their Motion to Dismiss, Defendants argue that Plaintiffs' factual theory related to their use of forfeited funds is insufficient to support a claim on any legal theory asserted in the Amended Complaint.  Defendants cite to the terms of the Plan as amended in January of 2025 which reads in relevant part, "[t]he amount in a Participant's Account which is forfeited in accordance with §8.3(a)(1) shall […] be applied towards the contributions made pursuant to §§3.4, 3.5 and 3.6.  To the extent the Participating Companies choose not to apply all or any portion of such forfeitures towards such contributions […] any remaining forfeitures shall be used for any permissible purpose, including but not limited to the payment of reasonable Plan expenses …."  (Amended Complaint, ¶ 77; (quoting The Cigna Group 401(k) Plan (As amended and restated effective as of January 1, 2025) at 58).  Defendants argue that this language

specifically provides them with the discretion to choose whether to spend forfeitures on administrative expenses or to reduce the amount of employer contributions. (Response in Opposition page 18.)

Defendants cite to case law from federal district courts located in New Jersey and other jurisdictions outside of Pennsylvania. (Response in Opposition page 19.) Cases cited by Defendants stand for the position that managers of ERISA 401(k) plans will not incur liability for spending or investing forfeited funds in accordance with discretionary authority provided by contractual agreements and documents that govern the plan. *Cain v. Simens Corp.*, No. 24-cv-8730, 2025 U.S. Dist. LEXIS 147011, at *3 (N.J.D. July 31, 2025) ("Plaintiff asserts that Defendant exercises discretionary authority and control over how these sums ("Forfeitures") are then reallocated. *Id.* The Plan Document provides that Defendant can use the Forfeitures to either (1) pay up to $1,500,000 of annual administrative expenses of the Plan, other than expenses paid for by monthly charges to participants' accounts, or (2) to reduce the company's contributions to the Plan. *Id.* ¶ 27."); *Fumich v. Novo Nordisk, Inc.*, No. 24-cv-9158, 2025 U.S. Dist. LEXIS 160501 (N.J.D. August 19, 2025) ("For the reasons that follow, the Court finds that Plaintiffs have failed to adequately allege a breach of the duty of loyalty. First, the Plan expressly stated that "[a]ll forfeited amounts may be used . . . to reduce the applicable Employer's future contributions, restore forfeited Accounts, . . . or pay certain Plan expenses.").

The text of Cigna Group 401(k) Plan documents and the obligations created therein are critical to any analysis of the claims asserted by Plaintiffs in this litigation. *Wright v. JP Morgan Chase & Co.*, Civ. No. 25-cv-525, 2025 U.S. Dist. LEXIS 115792, *4 (C.D. Cal. June 13, 2025) ("Plaintiff's theory rests on the flawed assumption that the Plan gives Defendants discretion to use forfeited funds to pay administrative expenses that would otherwise be covered by Plan

participants."); *Cain*, 2025 U.S. Dist. LEXIS 147011, *3 ("By Plaintiff's logic, a fiduciary would always be required to use forfeitures to pay administrative costs even if the plan document gave it the option to reallocate those funds to reduce employer contributions."); *Sievert v. Knight-Swift Transp. Holdings, Inc.*, No. 24-cv-2443, 2025 U.S. Dist. LEXIS 81759, *5 (D. Ariz. Apr. 30, 2025) ("[A] plan sponsor's decision to allocate forfeitures toward reducing its own employer contributions, without more, is not sufficient to state a claim for a breach of fiduciary duty of loyalty or prudence under ERISA.")".)

On the factual record as it stands at this point in the litigation, the Court is not prepared to dismiss forfeiture related claims based on what amounts to non-precedential authority from jurisdictions outside of Pennsylvania.  The cases cited by the Defendants stand for the proposition that forfeited funds should be spent or invested in accordance with Cigna Group 401(k) Plan contractual obligations.  Defendants cite to Plan documents as amended in January of 2025 to support their argument that forfeiture related claims should be dismissed from this action.  However, discovery has not taken place in the above-captioned case and Defendants have not produced Cigna Group 401(k) Plan contractual agreements from prior to January 2025.  Therefore, it would be premature to dismiss forfeiture related claims at this juncture in the litigation because the Court still needs to investigate the specific contractual language that governed Defendants' obligations prior to January 2025.

The Court equally rejects Defendants argument that forfeiture related claims should be dismissed because Defendants actually used forfeited funds in accordance with Cigna Group 401(k) Plan contractual obligations – even under Plaintiffs' version of the pre-2025 language as pled in the Amended Complaint.  Without the benefit of a factual record developed during discovery, Defendants ask the Court to assume that they used forfeited funds to first pay

administrative expenses and then reduce Cigna matching contributions.  On this record the Court is not willing to dismiss Plaintiffs' forfeiture related claims prior to discovery.

The Court also rejects Defendants' argument that Plaintiffs are required to exhaust administrative remedies prior to bringing a lawsuit in relationship to the use of forfeited funds. The Third Circuit has not required exhaustion of administrative remedies prior to bringing claims based on alleged breach of a fiduciary duty or other ERISA statutory violation.

> The Third Circuit "requires the exhaustion of Plan remedies in some, but not all, ERISA cases." *D'Amico v. CBS Corp.*, 297 F.3d 287 (3d Cir. 2002).  Exhaustion of internal administrative remedies is necessary when plaintiffs seek to enforce the terms of a benefit plan.  *Zipf v. AT&T*, 799 F.2d 889, 891 (3d Cir. 1986).  However, plaintiffs need not exhaust when they assert rights established by the ERISA statute. *Id*.

*Cockerill v. Corteva, Inc.*, 345 F.R.D. 81, 115 (E.D. Pa. 2023).  Indeed, the Third Circuit held long ago that there was "no indication in [ERISA] or its legislative history that Congress intended to condition a plaintiff's ability to redress a statutory violation in federal court upon the exhaustion of internal remedies." *Zipf,* 799 F.2d at 891.  Moreover, "[e]ven when plaintiffs file suit for ERISA benefits, they need not exhaust if it would be futile to do so." *Cockerill*, 345 F.R.D. at 115 (listing factors to consider when determining whether exhaustion is required).

The core claims asserted by Plaintiffs in this action would appear to be based on the legal theory that Defendants breach certain fiduciary duties in violation of ERISA.  It does not appear that Plaintiffs are simply asserting a breach of contract action.  After discovery if claims asserted by Plaintiffs do not hold up to judicial scrutiny in the face of a potential defense motion for summary judgment, the Court is prepared to recharacterize claims pled in the Amended Complaint and revisit the issue of whether Plaintiffs exhausted administrative remedies.

11

**IV.    CONCLUSION:**

For these reasons, the Court enters an Order denying the Motion to Dismiss that was filed by Defendants.

**BY THE COURT**:

                                          /s/ John Milton Younge

                                        Judge John Milton Younge