**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: CIGNA ERISA LITIGATION** | MASTER FILE NO. 2:25-cv-02465 |
| | Judge John M. Younge |
| THIS DOCUMENT RELATES TO: All Actions | |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on July 14, 2026, and they hereby submit the following report of their meeting for the court's consideration:

1.      **Discussion of Claims, Defenses, and Relevant Issues**

        **A. Plaintiffs:**

The claims in this case have been briefed and addressed in the briefing related to Defendants' motion to dismiss the Consolidated Complaint (ECF Nos. 29 – 39).  The Court denied Defendants' motion to dismiss on May 19, 2026 (ECF No. 51).

In sum, Plaintiffs allege two main claims. The first claim concerns Defendants' offering of the Cigna Fixed Income Fund (defined below as the "CIGNA FIF") as an investment option in the Plan (defined below).  Plaintiffs allege Defendants utilized imprudent processes to both select and monitor the CIGNA FIF.  Failure to remove the CIGNA FIF as a Plan investment option cost the Plan and its participants millions of dollars of losses because of its unacceptably low crediting rates compared to market alternatives.  Although the goal of the CIGNA FIF was to preserve assets, the objective of asset protection simply does not insulate fiduciaries who otherwise refuse to

recognize and rectify the low rates under the circumstances. Had Defendants implemented a prudent process, it would have resulted in the selection of prudent alternatives to the CIGNA FIF.

Plaintiffs also allege Defendants breached their fiduciary duties and violated ERISA's anti-inurement and prohibited transaction provisions stemming from the use of Plan participant non-vested employer contributions, *i.e.*, "Forfeited Plan Assets" or "forfeitures," to reduce employer contributions instead of using the forfeitures to reduce or eliminate the amounts charged to Plan participants for Plan administrative costs, as required by ERISA and the Plan. Plaintiffs allege Defendants' actions were contrary to actions of a reasonable fiduciary and cost Plan participants at least $17.5 million.

Plaintiffs acknowledge their final claim, alleging certain Defendants failed to adequately monitor certain Plan fiduciaries, is derivative of the main claims.

### B. Defendants:

The Cigna Group 401(k) Plan (the "Plan") is a defined-contribution retirement plan that allows participants to allocate their individual funds to the investments of their choice. The Cigna Group ("Cigna") sponsors the Plan, and The Cigna Group Retirement Plan Committee (the "Committee") has certain responsibilities in connection with the investment of funds in the Plan.

One of the investments offered to participants in the Plan is the Cigna Fixed Income Fund (the "Cigna FIF"), which is a stable value investment. The CIGNA FIF is a hybrid of several different funds, comprised of one "general account" fund and three "synthetic" funds. The crediting rates of the individual investment contracts held in the Cigna FIF are blended to create a single crediting rate that is offered to participants who invest in the Cigna FIF.

As an additional benefit to its workforce, Cigna provides Plan participants with matching contributions of up to roughly the first 5% of pay that an employee contributes to their Plan

account. Participants who remain employed for a specific period of time "vest" in their employer contributions (they are always 100% vested in their own contributions); Participants who leave employment before completing that period "forfeit" any unvested amounts, and those amounts remain in the Plan and are used for other purposes. Plaintiffs allege that before January 1, 2025, the Plan's governing document provided that Cigna would use forfeited funds first to pay expenses of the Plan "other than routine" administrative expenses, and then to reduce the cost of future company matching contributions.

Plaintiffs' claims regarding the supposed imprudence of the Cigna FIF will fail. Stable value funds like the Cigna FIF are designed to be safe, capital preservation vehicles that provide a steady crediting rate while shielding invested assets from the unpredictability and potential losses of more aggressive investments. Stable value funds are not designed to maximize returns. Despite those facts, Plaintiffs argue that the Cigna FIF is an imprudent investment option merely because a few cherry-picked alternative investments allegedly provided better returns over discrete periods of time. Plaintiffs will not be able to prove that the Cigna FIF failed to meet its own investment objectives or that their proposed alternative investments are actually meaningful benchmarks for assessing the performance of the Cigna FIF. Conversely, Defendants will prove that they utilized a prudent process with respect to the Cigna FIF and that the Cigna FIF is an objectively prudent investment option.

As to Plaintiffs' forfeiture-related claims for fiduciary imprudence and disloyalty, Plaintiffs' theory of liability regarding the permissible uses of forfeited contribution amounts is contrary to fundamental principles of ERISA. The text of ERISA, decades of regulatory guidance, and dozens of recent judicial decisions make clear that it does not violate ERISA for an employer

to use forfeitures to offset future contributions made to other participants in the same plan, as Plaintiffs allege Defendants did here.

Plaintiffs claim that Defendants failed to follow the terms of the pre-2025 Plan document will fail because the Plan neither incurred nor paid any "other than routine" administrative expenses during the relevant period. Accordingly, it did not contradict the terms of the pre-2025 Plan document for Defendants to use forfeitures to offset future employer contributions. Plaintiffs also cannot successfully prosecute their claims concerning the terms of the Plan document because they failed to exhaust their administrative remedies for such claims as required by the Plan.

Settled law further establishes that Plaintiffs cannot succeed on their "anti-inurement," prohibited transaction, and self-dealing claims based on their same, flawed theory of liability concerning the use of forfeitures.

Because Plaintiffs' final claim for an alleged breach of the "duty to monitor" is wholly derivative of their other claims, that claim will also fail.

### C. The Parties' Joint Proposal Regarding the Timing of Likely Motions:

Plaintiffs intend to move to certify the putative class described in their Complaint. The parties jointly propose that Plaintiffs' motion for class certification be due by **January 29, 2027,** with Defendants' anticipated opposition to that motion due by **February 26, 2027,** and plaintiffs' reply in support of the motion due by **March 19, 2027**.

Following the conclusion of fact and expert discovery, Defendants anticipate filing a motion for summary judgment. The parties may also file motions to exclude the testimony of one or more of the expert witnesses identified by the opposing parties (*Daubert* motions). The parties jointly propose that motions for summary judgment and *Daubert* motions be filed by **October 5,**

**2027,** with oppositions to those motions due by **November 19, 2027**, and replies in support of those motions due by **December 20, 2027**.

### 2.    Informal Disclosures

The parties exchanged initial disclosures on June 20, 2025.

### 3.    Formal Discovery

The parties propose **June 25, 2027,** as the deadline to complete fact discovery. There are compelling reasons for the parties' proposed extended discovery period. This is a putative class action concerning an ERISA-governed retirement plan with more than 80,000 participants. Plaintiffs' claims are complex and involve multiple different theories of liability, including challenges to Defendants' use of forfeited employer contributions and the performance of a specific investment option offered in the Plan. The investment option that Plaintiffs challenge as imprudent, the Cigna FIF, is a complex stable value investment, which itself is comprised of numerous underlying investments.

Discovery is expected to be voluminous and will require significant coordination among counsel, the parties (including the six named Plaintiffs), individual members of the Committee, and others who assist Defendants in administering the Plan. Discovery will require the parties to engage in the review and production of thousands of pages of documents. The parties will also conduct depositions, including potentially of the named Plaintiffs, members of the Committee, and other individuals with knowledge of Defendants' use of forfeitures and investment-related decision making. For those reasons, the parties respectfully submit that an extended discovery period is warranted in this case.

Regarding discovery of electronically stored information (ESI), the parties intend to submit to the Court an agreed protocol governing the discovery and production of ESI. The Parties also

intend to submit an agreed confidentiality/protective order to govern confidential, commercially sensitive, trade secret, and/or proprietary documents to be produced during discovery.

### 4.    Expert Witness Disclosures

The parties propose **July 26, 2027,** as the deadline for expert disclosures and the exchange of initial expert reports, and **August 16, 2027,** as the deadline for the exchange of rebuttal expert reports. The parties propose that expert depositions take place after rebuttal expert disclosures are exchanged, with a deadline of **September 13, 2027,** for the completion of expert depositions and expert discovery.

### 5.    Early Settlement or Resolution

The parties have familiarized themselves with Local Rule of Civil Procedure 53.3 regarding alternative dispute resolution. Counsel for the parties have discussed the possibility of engaging in ADR in this action, and they have discussed that issue with their respective clients. The parties believe that engaging in ADR at this stage of the action would be unlikely to result in a successful resolution of the parties' disputes. The parties are open to engaging in ADR, potentially to include a private mediation with a jointly selected mediator, at a later date.

### 6.    Magistrate Jurisdiction

The parties do not consent to the submission of this matter to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

### 7.    Trial Date

The parties agree that this action should be tried as a bench trial. The parties anticipate that it will take approximately ten business days to try this action. The parties propose that the action be scheduled for trial in or around **May 2028**.

Dated: July 22, 2026

/s/ Mark K. Gyandoh
Mark K. Gyandoh
James A. Maro
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
markg@capozziadler.com
jamesm@capozziadler.com
Tel.: (610) 890-0200

Peter A. Muhic
MUHIC LAW LLC
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
peter@muhiclaw.com
Tel.: (856) 324-8252

Gerald D. Wells, III
Stephen E. Connolly
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
jerry@lcllp.com
steve@lcllp.com
Tel.: (412) 322-9243

Paul J. Sharman
THE SHARMAN LAW FIRM LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
paul@sharman-law.com
Tel.: (678) 242-5297

Andrew W. Ferich
AHDOOT & WOLFSON, PC
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Radnor, PA 19087
aferich@ahdootwolfson.com
Tel.: (310) 474-9111

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ Jeremy P. Blumenfeld
Jeremy P. Blumenfeld (PA Bar No. 85955)
A. Klair Fitzpatrick (PA Bar No. 309329)
Simone M. Adkins (PA Bar No. 333719)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
jeremy.blumenfeld@morganlewis.com
klair.fitzpatrick@morganlewis.com
simone.adkins@morganlewis.com

Stephen K. Dixon (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
stephen.dixon@morganlewis.com

*Counsel for Defendants*